UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-04810-CAS(SPx) | Date | November 16, 2015 |
|---|---|---|---|
| Title | LEWIS E. MCNACK V. RICHARD F. SMITH, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**     (IN CHAMBERS): DEFENDANT RICHARD F. SMITH'S MOTION TO DISMISS

PLAINTIFF LEWIS E. MCNACK'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of November 16, 2015, is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION

On February 19, 2015, plaintiff, Lewis E. McNack ("McNack"), proceeding *pro se*, filed the instant action against defendants Richard F. Smith ("Smith"), the CEO of Equifax Information Services ("Equifax"), and Siddharth Mehta ("Mehta"), the CEO of TransUnion Corporation ("TransUnion") (collectively, "defendants"). Compl. In the complaint, plaintiff asserts claims against defendants for violations of 15 U.S.C. § 1681, the Fair Credit Reporting Act ("FCRA"). Id. In brief, plaintiff alleges that Equifax and Transunion wrongfully provided plaintiff's personal+ information to a third party, Capital One Bank ("Capital One"), in violation of the FCRA.

On September 21, 2015, defendant Smith filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Dkt. 18. Plaintiff initially did not file an opposition. On November 2, 2015, Smith filed a reply to plaintiff's non-opposition. Dkt. 23. On November 3, 2015, plaintiff submitted a motion for leave to file an amended complaint to the Court. Dkt. 25. In addition, plaintiff submitted an opposition to defendant's motion to dismiss. Dkt. 26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL  'O'

| Case No. | 2:14-cv-04810-CAS(SPx) | Date | November 16, 2015 |
|---|---|---|---|
| Title | LEWIS E. MCNACK V. RICHARD F. SMITH, ET AL. | | |

## II. BACKGROUND

The Complaint alleges the following facts: Equifax and TransUnion are credit reporting agencies. Compl. ¶ 3. In this regard, Equifax and TransUnion regularly prepare consumer credit information on consumers, such as plaintiff, and furnish consumer reports to third-parties. Id. On August 22, 2013, plaintiff received a copy of his credit report from Equifax. Id. ¶ 4. According to plaintiff, this report revealed that Equifax had released plaintiff's credit report to Capital One on June 27, 2013. Id. However, plaintiff has never had any contact or financial dealings with Capital One. Id. ¶ 5.

According to plaintiff, Capital One received a credit card application from an individual who identified himself with plaintiff's name, "Lewis McNack." Id. Ex. C. The credit application also included a Social Security Number that was identical to plaintiff's Social Security Number with the exception of the last digit. Id. In accordance with Capital One's standard business practices, Capital One forwarded the information in this application to three major credit reporting agencies, Experian, Equifax, and TransUnion. Id. Capital One requested that these companies provide it with the credit report associated with the individual identified in the application. Id. Plaintiff contends that, despite the discrepancy in the Social Security Number, both Equifax and TransUnion matched the information in the application with plaintiff's credit report and released his credit report to Capital One. Id.

Plaintiff contends that the initial credit card application received by Capital One was the product of identity theft and therefore it was an error for Equifax and TransUnion to release his credit report. Id. ¶ 13. Accordingly, plaintiff now asserts that Equifax and TransUnion conduct in releasing his credit report to Capital One violated numerous provisions of the FCRA.

## III. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2)

When a defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    'O'

| Case No. | 2:14-cv-04810-CAS(SPx) | Date | November 16, 2015 |
|---|---|---|---|
| Title | LEWIS E. MCNACK V. RICHARD F. SMITH, ET AL. | | |

court may properly exercise personal jurisdiction over the defendant. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). Where, as here, a court decides such a motion without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001). Plaintiff's version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, 27 F. Supp. 2d at 1181. If the defendant submits evidence controverting the allegations, however, the plaintiff may not rely on its pleadings, but must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." Scott v. Breeland, 792 F.2d 925, 927 (9th Cir.1986) (quoting Amba Mktg. Servs., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir.1977)).

Generally, personal jurisdiction exists if (1) it is permitted by the forum state's long-arm statute and (2) the "exercise of that jurisdiction does not violate federal due process." Pebble Beach, 453 F.3d at 1154-55 (citing Fireman's Fund Ins. Co. v. Nat'l Bank of Coops., 103 F.3d 888, 893 (9th Cir. 1996). California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state and federal law are the same. Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991). The Fourteenth Amendment's Due Process Clause requires that a defendant have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific.

A court has general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446-47 (1952); Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). The standard for establishing general jurisdiction is "fairly high" and requires that the defendant's contacts be substantial enough to approximate physical presence. Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-04810-CAS(SPx) | Date | November 16, 2015 |
| Title | LEWIS E. MCNACK V. RICHARD F. SMITH, ET AL. | | |

A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities. Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993). The test for specific personal jurisdiction has three parts:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004) (citing Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985).

**B.    Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-04810-CAS(SPx) | Date | November 16, 2015 |
|---|---|---|---|
| Title | LEWIS E. MCNACK V. RICHARD F. SMITH, ET AL. | | |

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-04810-CAS(SPx) | Date | November 16, 2015 |
|---|---|---|---|
| Title | LEWIS E. MCNACK V. RICHARD F. SMITH, ET AL. | | |

    **C.**     **Motion for Leave to File an Amended Complaint**

    Federal Rule of Civil Procedure 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir.2003)). Some factors may be weighted more heavily than others; for example, "[s]ome courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991).

**IV.**     **ANALYSIS**

    **A.**     **Motion to Dismiss Pursuant to Rules 12(b)(2) and 12(b)(6)**

    Plaintiff asserts several claims for violation of 15 U.S.C. section 1681(b) of the FCRA. "The Fair Credit Reporting Act has as one of its purposes to 'protect consumer privacy.' " U.S. v. Bomes, 133 S.Ct. 12, 15 (2012); see also Safeco Ins. Co. of America v. Burr, 551 U.S. 47, 52 (2007) ("Congress enacted [the] FCRA, in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."). Pursuant to section 1681(b), consumer reporting agencies, such as Equifax and TransUnion, are required to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information."

    Plaintiff asserts that TransUnion and Equifax wrongfully released his credit report to Capital One after receiving a credit card application with an inaccurate Social Security Number. See generally Compl. Accordingly, plaintiff may have colorable claims for violation of the FCRA against TransUnion and Equifax. However, at present, plaintiff has not named either TransUnion or Equifax as defendants in this action. See generally,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-04810-CAS(SPx) | Date | November 16, 2015 |
| Title | LEWIS E. MCNACK V. RICHARD F. SMITH, ET AL. | | |

Compl. Rather, he has named the CEO's of those companies as the defendants' in this action. Id.

"[T]he mere fact that a corporation is subject to local jurisdiction does not necessarily mean its nonresident officers, directors, agents, and employees are suable locally as well.' " Winery v. Graham, 2007 WL 963252, *5 (N.D. Cal. Mar. 29, 2007) (citing Colt Studio, Inc. v. Badpuppy Enterprise, 75 F. Supp. 2d 1104, 1111 (C.D. Cal.1999)). Rather, courts have found a corporate officer's contacts on behalf of a corporation sufficient to subject the officer to personal jurisdiction "where the officer is a 'primary participant' in the alleged wrongdoing or had 'control of, and direct participation in the alleged activities.' " Allstar Marketing Grp., LLC v. Your Store Online, LLC, 666 F. Supp. 2d 1109,1120 (C.D. Cal. 2009).

Similarly, the general rule is that "individual defendants cannot be held liable solely because they are the chief executive officers for the corporate defendants." Sloan v. TransUnion, LLC, 2010 WL 1949621, at *2 (E.D. Mich. Apr. 22, 2010). Instead, "[c]ases which have found personal liability on the part of corporate officers have typically involved instances where the defendant was the 'guiding spirit' behind the wrongful conduct . . . or the 'central figure' in the challenged corporate activity." Davis v. Metro Productions, Inc., 885 F.2d 515, 532 n.10 (9th Cir. 1989) (citing Escude Cruz v. Ortho Pharmaceutical Corp., 619 F.2d 902, 907 (1st Cir.1980)); see also, Hahn v. Star Bank, 190 F.3d 708, 714 (6th Cir. 1999) ("[A]n employee of a corporation has no personal liability for the torts of the corporation unless the individual personally participated in the challenged actions.").

Here, apart from being named in the caption of plaintiff's complaint, the complaint contains no allegations against either Smith or Mehta. Rather, the complaint refers exclusively to conduct by Equifax and TransUnion as corporations. Without any allegations suggesting that either Smith or Mehta in some way participated or were involved in the conduct alleged in the complaint, the Court cannot find that it has personal jurisdiction over either of these defendants. Nor can the Court find that plaintiff has alleged sufficient facts to impose personal liability against either of these defendants.[1]

---

[1] Likewise, the Court cannot find that it has general jurisdiction over Smith who is domiciled in Georgia. Harris Decl. ¶ 6. See Goodyear Dunlop Tires Operations, S.A. v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-04810-CAS(SPx) | Date | November 16, 2015 |
| Title | LEWIS E. MCNACK V. RICHARD F. SMITH, ET AL. | | |

Accordingly, the Court GRANTS WITHOUT PREJUDICE defendant Smith's motion to dismiss pursuant to both Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

### B. Motion for Leave to File an Amended Complaint

Plaintiff has requested that the Court grant him leave to file an amended complaint. Dkt. 25. Pursuant to Federal Rule of Civil Procedure 15, a district court should freely grant leave to amend when justice so requires. Here, it appears that plaintiff has named the wrong defendants in the caption of his complaint. In plaintiff's motion for leave to file an amended complaint he states: "the defendant in this Complaint has been misrepresented as the CEO Richard F. Smith of Equifax Info. Services, LLC, instead of the true defendant Equifax Info. Services, LLC." Dkt. 25, at 1. Accordingly, in plaintiff's motion for leave to file an amended complaint he proposes that he will file an amended complaint naming Equifax and TransUnion as defendants as opposed to Smith and Mehta. Id.

This amendment directly addresses the defects in plaintiff's current complaint discussed supra and therefore the Court finds that granting plaintiffs request to file an amended complaint is wholly appropriate in this case. Accordingly, the Court GRANTS plaintiff's motion for leave to file an amended complaint.[2]

---

Brown, 131 S. Ct. 2846, 2853 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile.").

[2] In addition, the Court finds that it is appropriate to grant plaintiff's motion without receiving an opposition from defendants. The Ninth Circuit has instructed that the policy in favor of granting leave to amend "is to be applied with extreme liberality." Owens v. Kaiser Found. Health Plan, 244 F.3d 708, 712 (9th Cir.2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990)). And, in any event, the Court grants defendant Smith's motion to dismiss without prejudice to filing an amended complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:14-cv-04810-CAS(SPx) | Date | November 16, 2015 |
|---|---|---|---|
| Title | LEWIS E. MCNACK V. RICHARD F. SMITH, ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS WITHOUT PREJUDICE** the motion to dismiss the complaint as to defendant Smith. In addition, the Court **GRANTS** plaintiff's motion for leave to file an amended complaint. Plaintiff shall file an amended complaint within **thirty (30) days**, failure to file an amended complaint may result in dismissal of plaintiff's case with prejudice.

IT IS SO ORDERED.

00 : 00

Initials of Preparer    CMJ